# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Express Mobile, Inc, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:17-cv-128-JRG-RSP |
| | § | |
| KTree Computer Solutions Inc., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion for Judgment on the Pleadings (Dkt. No. 9) (the "Motion"). The Court recommends the Motion be **DENIED WITHOUT PREJUDICE**.

First, the claims appear to address a problem particular to the internet: dynamically generating websites and displaying web pages based on stored user-selected settings. *See DDR Holdings, LLC v. Hotels.com*, L.P., 773 F.3d 1245, 1257 (Fed. Cir. 2014). On the face of the asserted patents, the claims appear to be necessarily rooted in computer technology and directed to specific problems of and improvements to then-existing web publishing applications. *See, e.g.*, Dkt. No. 22-1 at 1:6–8, 1:22–24 ("As such it is virtually impossible to write a web publishing application in HTML and JavaScript. All conventional implementations must, and do, utilize a full-featured programming language, such as C++ or Visual Basic."); 1:36–39 ("As such, a conventional web publishing application written in one of these languages suffers from the severe performance problems inherent in these languages."); 2:60–64 ("Because of the implementation of a variety of performance and file reduction techniques, the entire run time environment can range from as low as 12K, and no larger than

5OK."); 3:4–6 ("The present invention provides a real time, dynamic linkage between JAVA and HTML including two-way communications, in real time, between JAVA and JavaScript.").

Second, the asserted claims do not bear all of the hallmarks of claims that have been invalidated on the pleadings by other courts in the past. For example, the claims are not merely do-it-on-a-computer claims. *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358, 189 L. Ed. 2d 296 (2014). The Court has also reviewed *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015), cited by Defendant, and is not persuaded that the case is directly on point. For one, it is unclear from this record whether a run time file or run time engine as claimed in the asserted patents is analogous to the "template file" recited in the *Internet Patents* claims. The Court also does not have a firm conviction at this early stage that these claims contain no inventive concept.

Thus, the Court is not persuaded that claim construction and a fuller factual record would be unhelpful to the patent eligibility determination. *See Autumn Cloud LLC v. TripAdvisor, Inc.*, Dkt. No. 66 at 2–4, Case No. 2:16-cv-853-JRG-RSP (E.D. Tex. April 3, 2017).

Accordingly, the Court recommends the Motion be **DENIED WITHOUT PREJUDICE**.[1]

**SIGNED this 4th day of May, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

_____

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to-factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).